UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENNIS PERRYMAN,

        Plaintiffs,        2:15-cv-00554-TC

        v.        FINDINGS AND RECOMMENDATION

V. RODRIGUEZ, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, was disciplined for 1.) writing – under an assumed name – an inmate communication form stating that Correctional Officer Rodriguez was a "little bitch" and a "fuccing (sic) faggot;" and verbally stating that Captain Rodriguez "Can suck my dick, he is a fucking faggot." These statements, coupled with plaintiff's demands for television, more phone access, and "better canteen," led to charges that

1 - FINDINGS AND RECOMMENDATION

plaintiff violated ODOC rules against extortion, disrespect, and false information to employees.

Defendant Joe Capps presided over a plaintiff's disciplinary hearing, determined that plaintiff violated ODOC rules, and recommended a sanction of 28 days loss of privileges and a $100 fine. Superintendent Nooth approved Hearing Officer Capp's Findings of Fact, Conclusions and Order, and Inspector General Williamson reviewed the matter and determined that the sanctions were imposed in accordance with ODOC rules.

Plaintiff filed this action alleging that his due process rights were violated at his disciplinary hearing because he was not allowed to directly question Corrections Officer Bennet during the hearing and because he was not allowed to call two other officers as witnesses.

Defendants now move the court for summary judgment (#17).

As a preliminary matter, plaintiff has not alleged that defendants Rodriguez, King, Bennet, or Gower had anything to do with overseeing the process available to plaintiff at his disciplinary hearing or with reviewing the results of the hearing. Because plaintiff has not alleged any facts that would give rise to a basis for liability of these defendant, I find that they are entitled to judgment as a matter of law. Moreover, on June 15, 2015, defendants filed a Notice of

2 - FINDINGS AND RECOMMENDATION

Suggestion of Death as to defendant Rodriguez. Because plaintiff failed to timely move to substitute another party for defendant Rodriguez, he "must be dismissed." Fed. R. Civ. P. 25(a)(1).

Due process requirements for an inmate at a disciplinary hearing were established in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 560 (1979) as follows. The inmate must (1) have an opportunity to appear before the decision making body, (2) have staff representation if he wishes, (3) have written notice of the charge against him in advance of the hearing;, (4) have conditional opportunity to present witnesses and documentary evidence, and (5) have a written statement of the evidence relied upon and the reasons for the sanction taken. <u>Wolff v. McDonnell</u>, supra at 563-73; <u>see also</u>, <u>Meachum v. Fano</u>, 427 U.S. 215 (1976) <u>Sandin v. Conner</u>, supra. Judicial review of a prison disciplinary action is limited to whether the requirements set forth in <u>Wolff v. McDonnell</u> were met and whether there is "some" evidence to support the finding. <u>Superintendent v. Hill</u>, 472 U.S. 445. 454 (1985).

Although an inmate has the right to call witnesses at a disciplinary hearing, that right is not unlimited. <u>Wolff v. McDonnell</u>, supra at 564. A hearings officer may decline an inmates request to call a witness "whether it be for irrelevance, lack of necessity, or the hazards presented in

3 - FINDINGS AND RECOMMENDATION

individual cases.." *Id; see also*, <u>Piggie v. Cotton</u>, 344 F.3d 674, 677 (7th Cir. 2003) (noting that "there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary.").

In this case, Hearings Officer Capps properly exercised his discretion to deny plaintiff's request to call two escorting officers as witnesses because he determined that the escorting officers were not present when plaintiff's statements were allegedly made.

Hearing Officer Capp's refusal to allow plaintiff to question Corrections Officer Bennet at the disciplinary hearing did not violate plaintiff's due process rights, because inmates do not have the right to cross-examine witnesses at prison disciplinary hearings. <u>Johnson v. Coursey</u>, 487 Fed. Appex. 327 (9th Cir. 2012)(unpublished); *see also*, *Wolff, supra*.

Based on the foregoing I find that plaintiff was afforded the procedural due process rights to which he was entitled and that defendants are entitled to judgment as a matter of law.

Defendants' Motion for Summary Judgment (#17) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this 30<sup>T</sup> day of November, 2015.

Thomas M. Coffin
United States Magistrate Judge